BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

| | |
|---|---|
| IN RE: CREDIT DEFAULT SWAPS ANTITRUST LITIGATION | MDL Docket No. 2476 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF CONSOLIDATION AND RESPONSE TO MOVANT'S REQUEST FOR CENTRALIZATION IN THE NORTHERN DISTRICT OF ILLINOIS

Defendants[1] hereby respectfully respond to Movant Sheet Metal Workers' July 16, 2013, motion to consolidate and centralize in the Northern District of Illinois several (currently six) putative antitrust class actions claiming that Defendants unreasonably restrained trade in the alleged market for credit default swaps ("CDS").[2] (*See* Mot. of Pl. Sheet Metal Workers Local No. 33 Cleveland District Pension Plan for Centralization in the Northern District of Illinois (July 16, 2013), Dkt. 1 ("Movant's Mot."); Mem. of Law in Supp. (July 16, 2013), Dkt. 1-1 ("Movant's Mem.").)  Four of these cases, including the first filed, are pending and subject to ongoing consolidation proceedings in the Northern District of Illinois.  The remaining two cases are pending in the Southern District of New York.

Defendants support Movant's request for pre-trial consolidation of these related actions.

---

[1] "Defendants" refers to the following named defendants in the actions subject to the pending transfer motion: Bank of America Corporation, Bank of America N.A., Barclays Bank plc, BNP Paribas, Citibank N.A., Citigroup Inc., Citigroup Global Markets Inc., Credit Suisse AG, Deutsche Bank AG, Goldman, Sachs & Co., The Goldman Sachs Group Inc., HSBC Bank plc, HSBC Bank USA, N.A. International Swaps and Derivatives Association ("ISDA"), JPMorgan Chase & Co., JPMorgan Chase Bank N.A., Markit Group Ltd., Morgan Stanley & Co. LLC, Royal Bank of Scotland plc, Royal Bank of Scotland N.V., UBS AG, and UBS Securities LLC.

[2] In submitting this response, Defendants do not waive, and expressly preserve, all defenses including, without limitation, defenses of improper service and lack of personal jurisdiction as well as all defenses and objections to class certification.

However, Defendants express no preference on centralization between the two districts—the Northern District of Illinois and the Southern District of New York—in which the related cases are currently pending. Consolidation in either of those forums will serve the efficiency, fairness, and convenience goals articulated in Section 1407, and both the Northern District of Illinois and the Southern District of New York are home to judges with the experience and docket capacity to manage multi-district proceedings in these matters fairly and efficiently for all parties.

## BACKGROUND

The six related actions currently on file are:

- *Sheet Metal Workers Local No. 33 Cleveland Dist. Pension Plan v. Bank of Am. Corp. et al.*, No. 1:13-cv-03357 (N.D. Ill. May 3, 2013) ("*Sheet Metal Workers* Compl."), amended July 12, 2013 ("*Sheet Metal Workers* Am. Compl.").

- *Unipension Fondsmaeglerselskab A/S et al. v. Bank of Am. Corp. et al.*, No. 1:13-cv-04979 (N.D. Ill. July 11, 2013) ("*Unipension* Compl."), amended August 2, 2013 ("*Unipension* Am. Compl.").

- *Value Recovery Fund LLC v. JPMorgan Chase & Co. et al.*, No. 13-cv-04928 (S.D.N.Y. July 16, 2013) ("*Value Recovery Fund* Compl.").

- *MF Global Capital LLC v. Bank of Am. Corp. et al.*, No. 1:13-cv-05417 (N.D. Ill. July 29, 2013) ("*MF Global* Compl.").

- *LBBW Asset Mgmt. Investmentgeshellschaft mbH v. Citibank, N.A. et al.*, 1:13-cv-05413 (N.D. Ill July 29, 2013) ("*LBBW Asset Mgmt.* Compl.").

- *Essex Reg'l Ret. Sys. v. Bank of Am. Corp. et al.*, No. 1:13-cv-05388 (S.D.N.Y. Aug. 1, 2013) ("*Essex Reg'l Ret.* Compl.").[3]

These cases would benefit from pre-trial consolidation before a single court under the criteria set forth in 28 U.S.C. § 1407 and Panel Rules. (*See* Movant's Mem. 4-6.) All of the

---

[3] The last three actions were filed after Movant's transfer motion and brief, but are properly subject to the Motion (and Interested Party responses) as "tag-along actions or other cases" that were "subsequently filed asserting related or similar claims." (Movant's Mot. 1); JPML R. 6.2(d)-(e); 7.1.

cases assert that Defendants, major financial institutions and other businesses engaged in the purchase and sale of CDS contracts, conspired to restrain trade in the supposed CDS market in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.[4] (*See generally Sheet Metal Workers* Am. Compl. ¶¶ 1, 34-35, 56-69, 131-36, 143-44; *Unipension* Am. Compl. ¶¶ 1, 5-13, 159, 175; *Value Recovery Fund* Compl. ¶¶ 1, 19-23, 43-46, 90-91, 102-08; *MF Global* Compl. ¶¶ 1, 5-13, 37-47, 154-70; *LBBW Asset Mgmt.* Compl. ¶¶ 1, 62-71, 77-100, 207-08, 229-35; *Essex Reg'l Ret.* Compl. ¶¶ 1-2, 17, 42-54, 63-68, 173-74, 188-94.)

All of the complaints rely on a similar set of alleged facts related to the development of the putative CDS market from approximately 2006 through 2009. (*See, e.g.*, *Sheet Metal Workers* Am. Compl. ¶¶ 49-55, 132-33, 138-39, 147-48; *Unipension* Am. Compl. ¶¶ 1, 150-59; *Value Recovery Fund* Compl. ¶¶ 3, 80-89, 103-05; *LBBW* Compl. ¶¶ 31-32, 191-99; *MF Global* Compl. ¶¶ 1, 145-54; *Essex Reg'l Ret.* Compl. ¶¶ 68, 148-66.) The complaints further allege overlapping putative classes of individuals or entities that claim to have entered into CDS transactions during the proposed class periods. (*See Sheet Metal Workers* Am. Compl. ¶ 34; *Unipension* Am. Compl. ¶ 174; *Value Recovery Fund* Compl. ¶ 90; *MF Global* Compl. ¶ 169; *LBBW Asset Mgmt.* Compl. ¶ 207; *Essex Reg'l Ret.* Compl. ¶ 173.)

## ARGUMENT

### I. THESE RELATED ACTIONS SHOULD BE CENTRALIZED PURSUANT TO 28 U.S.C. § 1407.

The MDL statute authorizes the transfer and pre-trial consolidation in a single district of multiple civil actions "for the convenience of parties and witnesses" if the cases are pending in

---

[4] Some of the cases also assert related violations of Section 2 of the Sherman Act, Section 16 of the Clayton Act, and various equitable doctrines.

3

different districts and share "one or more common questions of fact."  28 U.S.C. § 1407(a).  For the reasons set forth above and in the consolidation portion of Movant's brief (Movant's Mem. 4-6), all six of these early-stage cases raise substantially similar factual allegations.  (*See supra*; *see also* Movant's Mem. 4-6 & n.6 (asserting that the cases "present overlapping and, in many instances, nearly identical factual allegations that will likely require duplicative discovery and motion practice") (internal quotation marks and citation omitted).)

The MDL process was established to address precisely this situation.  Adjudicating these matters will require the trial court to develop knowledge of the operation of over-the-counter CDS trading and the participants in that business, examine the activities of large and sophisticated financial institutions, and supervise extensive motions and discovery practice relating to such parties and issues.  Defendants support Movant's request for consolidation because Defendants believe that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."  *In re Ford Fusion & C-Max Fuel Economy Litig.*, 2013 U.S. Dist. LEXIS 81645, at *2-3 (J.P.M.L. June 7, 2013); (*see also* Movant's Mem.  6 & nn.7-8 (citing cases).)

## II. DEFENDANTS NEITHER OPPOSE NOR SUPPORT MOVANT'S REQUEST FOR CENTRALIZATION IN THE NORTHERN DISTRICT OF ILLINOIS.

Movant asks that the desired multi-district proceedings be centralized in the Northern District of Illinois rather than the Southern District of New York. (*See* Movant's Mem. 6-14.) Defendants neither support nor oppose this request because Defendants believe the six related cases could properly be consolidated for pre-trial proceedings in either forum. Defendants' position is based on the current posture of the cases, which Defendants address briefly here.

*Northern District of Illinois Cases*. Four of the six current cases are pending in the Northern District of Illinois. Movant's case (*Sheetmetal Workers*) was the first of the six actions to be filed and is currently assigned to the Honorable Milton I. Shadur. (*See* Dkt. 36, Case No. 1:13-cv-03357 (N.D. Ill.).) The second (*Unipension*) case also was filed in the Northern District of Illinois and was assigned to the Honorable Charles Norgle. (*See* Dkt. 21, Case No. 1:13-cv-04979 (N.D. Ill.).) The third and fourth actions filed in the Northern District of Illinois (*LBBW Asset Management* and *MF Global*) were assigned, respectively, to the Honorable Amy St. Eve and the Honorable Matthew F. Kennelly. (*See* Dkt. Case No. 1:13-cv-05413 (N.D. Ill.); Dkt. Case No. 1:13-cv-5417 (N.D. Ill.).)

On July 31, 2013, Judge Shadur granted the *Unipension* plaintiffs' motion to reassign their case to his Court but stated that he may not be in a position to retain the related actions due to other obligations. (*See* Dkt. 107, Case No. 1:13-cv-03357 (N.D. Ill.).) Accordingly, on August 1, Defendants requested pursuant to Local Rule 40.4(b) that Judge Shadur initiate the process of reassigning all of the Northern District of Illinois cases to the available judge with the earliest-numbered related case. (*See* Dkt. 108, Case No. 1:13-cv-03357 (N.D. Ill.).) That same day, the *MF Global* plaintiffs independently moved to initiate the process of reassigning their

case to Judge Shadur.  (Dkt. 105, Case No. 1:13-cv-03357 (N.D. Ill.).)  On August 7, 2013, Judge Shadur ruled that both the *LBBW* and *MF Global* cases are "related" to the *Sheet Metal* and *Unipension* actions and that he would initiate proceedings to have all the cases reassigned to him to await the outcome of these MDL proceedings before taking any further steps regarding consolidation or reassignment within the Northern District of Illinois.

The Northern District of Illinois is a convenient forum for all parties, and the judges there have presided over many complex antitrust MDLs in a wide variety of industries.  Accordingly, they have the experience to "ensure[] that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary."  *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 659 F. Supp. 2d 1366, 1367 (J.P.M.L. 2009).

***Southern District of New York Cases.***  Two of the six related actions (*Value Recovery Fund* and *Essex Regional Retirement*) are currently pending in the Southern District of New York.  *Value Recovery Fund* was filed on July 16, 2013, and was originally assigned to the Honorable Ronnie Abrams.  (*See* Dkt. Case No. 1:13-cv-04928 (S.D.N.Y.).)  On July 18, 2013, the case was reassigned to the Honorable Katherine Failla and, on August 6, 2013, was reassigned again to the Honorable Richard Berman.  (*See id.*)  *Essex Regional* was filed on August 1, 2013, with the civil cover sheet notation that it is possibly related to *Value Recovery Fund*.  (*See* Dkt. Case No. 1:13-cv-05388 (S.D.N.Y.).)  *Essex Regional* remains unassigned.  (*See id.*)  The Southern District of New York is also a convenient forum for all parties and a district that has handled many complex antitrust MDLs in a wide variety of industries.  Accordingly, judges in the Southern District of New York, like those in the Northern District of Illinois, are qualified to fairly and efficiently manage these actions for pre-trial purposes.  *See,*

*e.g.*, *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 659 F. Supp. 2d at 1367.

Because either the Northern District of Illinois or the Southern District of New York would be an appropriate forum for consolidated pre-trial proceedings in the related actions, Defendants express no preference for centralization between these two districts.

## CONCLUSION

For the foregoing reasons, Defendants support Movant's motion for pre-trial consolidation of the related CDS matters before a single judge, respectfully request that the cases be consolidated in either the Northern District of Illinois or the Southern District of New York, and neither oppose nor support Movant's request to centralize the desired multi-district proceedings in the Northern District of Illinois.

Dated: August 7, 2013                    Respectfully submitted,

| | |
|---|---|
| /s/ Robert F. Wise | /s/ Robert Y. Sperling |
| Robert F. Wise | Robert Y. Sperling |
| DAVIS POLK & WARDWELL LLP | WINSTON & STRAWN LLP |
| 450 Lexington A venue | 35 West Wacker Drive |
| New York, NY 10017 | Chicago, IL 60601 |
| Telephone: 212-450-4000 | Telephone: 312-558~5600 |
| Facsimile: 212-701-5800 | Facsimile: 312-558-5700 |
| robert.wise@davispolk.com | rsperling@winston.com |
| | |
| *Counsel for Defendants Bank of America Corporation and Bank of America N.A.* | *Counsel for Defendants The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.* |

/s/ Todd Fishman
Todd Fishman
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300
todd.fishman@allenovery.com

*Counsel for Defendant Barclays Bank plc*

/s/ David F. Graham
David F. Graham
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  312-853-7596
Facsimile:  312-853-7036
dgraham@sidley.com

*Counsel for Defendants Citibank N.A., Citigroup Inc., and Citigroup Global Markets Inc.*

/s/ Paula W. Render
Paula W. Render
JONES DAY
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:  312-782-3939
Facsimile:  312-782-8585
prender@jonesday.com

*Counsel for Defendant Deutsche Bank AG*

/s/ David C. Esseks
David C. Esseks
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300
david.esseks@allenovery.com

*Counsel for Defendant BNP Paribas*

/s/ Benjamin F. Holt
Benjamin F. Holt
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  202-637-5600
Facsimile:  202-637-5910
benjamin.holt@hoganlovells.com

*Counsel for Defendant Credit Suisse AG*

/s/ Britt M. Miller
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:  312-782-0600
Facsimile:  312-701-7711
bmiller@mayerbrown.com

*Counsel for Defendants HSBC Bank USA, N.A. and HSBC Bank plc*

/s/ Matthew J. Reilly
Matthew J. Reilly
SIMPSON THACHER & BARTLETT LLP
1155 F Street, NW
Washington, DC 20004
Telephone:  202-636-5500
Facsimile:  202-636-5502
matt.reilly@stblaw.com

*Counsel for Defendant International Swaps and Derivatives Association*


/s/ Colin Kass
Colin Kass
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, DC 20004
Telephone:  202-416-6800
Facsimile:  202-416-6899
ckass@proskauer.com

*Counsel for Defendant Markit Group Ltd.*


/s/ Amy W. Ray
Amy W. Ray
CADWALADER WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone:  202-862-2200
Facsimile:  202-862-2400
amy.ray@cwt.com

*Counsel for Defendants Royal Bank of Scotland plc and Royal Bank of Scotland N.V.*


/s/ Peter E. Greene
Peter E. Greene
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone:  212-735-3000
Facsimile:  212-735-2000
peter.greene@skadden.com

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank N.A.*


/s/ Daniel Slifkin
Daniel Slifkin
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  212-474-1000
Facsimile:  212-474-3700
DSlifkin@cravath.com

*Counsel for Defendant Morgan Stanley & Co. LLC*


/s/ David C. Bohan
David C. Bohan
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone:  312-902-5200
Facsimile:  312-902-1061
david.bohen@kattenlaw.com

*Counsel for Defendants UBS AG and UBS Securities LLC*

9

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

**IN RE: CREDIT DEFAULT SWAPS
ANTITRUST LITIGATION**

: MDL Docket No. 2476

---

## CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the foregoing Defendants' Memorandum in Support of Consolidation and Response to Movant's Request for Centralization in the Northern District of Illinois was served on the parties listed below by first class United States mail, and on all other parties electronically via ECF on this 7th day of August 2013.

Barclays Bank PLC
2 Churchill Place
London ENG E14 5 HP
United Kingdom

BNP Paribas
16 Blvd. des Italien
Paris
France 75009

Credit Suisse Group AG
Paradeplatz 8
Zurich
Switzerland 8070

Deutsche Bank AG
Taunusanlage 12
Frankfurt, Germany 60325

HSBC Holdings PLC
8 Canada Square
London

United Kingdom E14 5HQ

HSBC Bank USA, N.A.
1105 N. Market Street, #1
Wilmington, DE 19801

Wells Fargo & Co
420 Montgomery Street
San Francisco, CA 94104

CitiBank, N.A., Citigroup Global Markets, and Citigroup, Inc.
c/o David F. Graham
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

UBS AG
Badenerstrasse 678
Zurich
Switzerland 8048

UBS Securities LLC
677 Washington Blvd.
Stamford, CT 06901

Morgan Stanley Bank, N.A.
1585 Broadway
New York, NY 10036

Morgan Stanley Bank, LLC
1585 Broadway
New York, NY 10036

Morgan Stanley & Co., LLC
1585 Broadway
New York, NY 10036

Royal Bank of Scotland PLC
36 St. Andrew Square
Edinburgh
United Kingdom, EH2  2YB

Royal Bank of Scotland N.V.
36 St. Andrew Square
Edinburgh

United Kingdom, EH2 2YB

Unipension Fondsmaeglerselskab A/S
c/o Azra Z. Mehdi
The Mehdi Firm, PC
One Market
Spear Tower Suite 3600
San Francisco, CA 94105

LBBW Asset Management Investmentgesellschaft mbH
c/o Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

Essex Regional Retirement System
c/o Lawrence Sucharow
Labaton Sucharow LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
lsucharow@labaton.com

                                        /s/ Robert Y. Sperling
                                        Robert Y. Sperling